IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SYLVESTER LEWIS,<br>　　　　Plaintiff, | )<br>)　C.A. No. 24-43 Erie<br>) |
| v. | )　**District Judge Susan Paradise Baxter**<br>)　**Chief Magistrate Judge Richard Lanzillo** |
| MARK SUTHERLAND, et al.,<br>　　　　Defendants. | )<br>) |

### MEMORANDUM ORDER

Plaintiff Sylvester Lewis, an inmate formerly incarcerated at the State Correctional Facility at Forest in Marienville, Pennsylvania,[1] commenced this *pro se* civil rights action in the Court of Common Pleas of Forest County, Pennsylvania. The action was removed to this Court by Notice of Removal filed on February 15, 2024 [ECF No. 1], and was referred to Chief United States Magistrate Judge Richard A. Lanzillo for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

Plaintiff generally asserts that several medical providers and prison officials at SCI-Forest were deliberately indifferent to his serious medical needs because they disregarded his complaints of skipped heartbeats and arrythmia and prescribed medications that were either ineffective or made things worse. The Defendants include three employees of the Pennsylvania Department of Corrections ("DOC") staffed at SCI-Forest: Superintendent Irwin, Kimberly L. Smith, and Jana Smith (collectively, "DOC Defendants"); five members of the medical staff at SCI-Forest: Mark Sutherland, CRNP, Andrew Leslie, CRNP, Eleanor Dorrian, CRNP, Celinda

---

[1] Plaintiff is currently incarcerated at SCI-Rockview in Bellefonte, Pennsylvania

Austin-Strict, P.A., and Lisa Baird, D.O. (collectively, "Medical Defendants"); and Wellpath, the private company contracted to provide medical care to inmates at SCI-Forest.

On May 13, 2024, the DOC Defendants filed a motion to dismiss for failure to state a claim [ECF No. 12]. Subsequently, on June 12, 2024, the Medical Defendants filed their own motion to dismiss, or in the alternative, motion for summary judgment [ECF No. 20]. Both motions were fully supported and briefed by the parties.

On October 18, 2024, Judge Lanzillo issued a report and recommendation ("R&R") with regard to the DOC Defendants' motion to dismiss recommending that the motion be granted and that Plaintiff's claims against the DOC Defendants be dismissed without prejudice and with leave to amend. [ECF No. 40].[2] In particular, Judge Lanzillo notes that Plaintiff's allegations are "so confused, ambiguous, and rambling that the DOC Defendants and the Court cannot identify the conduct upon which he bases his claim against any DOC Defendant," and "fail to support that any DOC Defendant was personally involved in any conduct that was deliberately indifferent to his serious medical needs." (ECF No. 40, at pp. 7, 9). Timely objections to the R&R were originally due by November 4, 2024, which deadline was subsequently extended by this Court to December 5, 2024 [ECF No. 43].

In the interim, on November 15, 2024, Defendant Wellpath filed a suggestion of bankruptcy and notice of automatic stay advising the Court that Wellpath and its related entities had filed a petition for relief under Chapter 11 of the United States Bankruptcy Code with the United States Bankruptcy Court for the Southern District of Texas. [ECF No. 44]. As a result,

---

[2] On the same date, Chief Magistrate Judge issued a separate report and recommendation addressing the Medical Defendants' motion to dismiss, or in the alternative, motion for summary judgment. [ECF No. 41], which will likewise be addressed by separate Order of this Court.

this Court issued an Order staying this case pending relief from or lifting of the automatic stay mandated by Section 362(a) of the Bankruptcy Code, 11 U.S.C. § 362(a). [ECF No. 45]. This stay was ultimately lifted by Order of this Court dated June 2, 2025. [ECF No. 49]. At that time, the motions filed by the DOC Defendants and the Medical Defendants were reactivated, as were the two R&R's addressing such motions. (Id.).

No objections to the R&R were filed before the entry of the stay on November 19, 2024, nor were any objections filed after the lifting of the stay on June 2, 2025.

Thus, after *de novo* review of all relevant documents and pleadings in this case, together with the report and recommendation, the following order is entered:

AND NOW, this 12th day of December, 2025,

IT IS HEREBY ORDERED that the DOC Defendants' motion to dismiss [ECF No. 12] is GRANTED and Plaintiff's claims against the DOC Defendants are DISMISSED, without prejudice to Plaintiff's right to file an amended complaint to correct the deficiencies noted in the R&R within twenty (20) days of the date of this Order. In the event Plaintiff fails to file an appropriate amended complaint within such time, the Court's dismissal of all claims against the DOC Defendants will be converted to a dismissal with prejudice without further notice. The report and recommendation of Chief Magistrate Judge Lanzillo, issued October 18, 2024 [ECF No. 40], is adopted as the opinion of the court.

SUSAN PARADISE BAXTER
United States District Judge

cc: The Honorable Richard A. Lanzillo
Chief U.S. Magistrate Judge