IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE

| | |
|---|---|
| SYLVESTER LEWIS, | ) |
| | ) |
| Plaintiff | ) 1:24-CV-00043-SPB |
| | ) |
| vs. | ) SUSAN PARADISE BAXTER |
| | ) United States District Judge |
| KIMBERLY L. SMITH, | ) |
| SUPERINTENDENT IRWIN, JANA | ) RICHARD A. LANZILLO |
| SMITH, WELLPATH, | ) Chief United States Magistrate Judge |
| | ) |
| Defendants | ) REPORT AND RECOMMENDATION |
| | ) ON DEFENDANT'S MOTION TO |
| | ) DISMISS, OR ALTERNATIVELY, FOR |
| | ) JUDGMENT ON THE PLEADINGS |
| | ) |
| | ) RE: ECF NO. 51 |

I.    RECOMMENDATION

For the following reasons, it is respectfully recommended that the Court grant Defendant Wellpath, LLC's Motion to Dismiss (ECF No. 51).

I.    REPORT

A.  Relevant Procedural History

Plaintiff Sylvester Lewis ("Lewis") is an inmate in the custody of the Pennsylvania Department of Corrections ("DOC"). He was formerly housed at the DOC's State Correctional Institution at Forest County ("SCI-Forest").[1] His remaining claims in this action are against three employees of the DOC and Wellpath, LLC ("Wellpath"), the company with which the DOC contracted to

---

[1] Lewis was an inmate at SCI-Forest during the events relevant to this action. He remains in the custody of the DOC but is currently housed at the State Correctional Institution at Albion.

provide medical services to inmates.[2]  Lewis seeks damages against the Defendants for medical care he received in prison that he alleges was so deficient it constituted both medical malpractice and a violation of his Eighth Amendment right to be free from cruel and unusual punishment.  The operative pleading before the Court is Lewis' Complaint.  ECF No. 1-2.

On November 15, 2024, Wellpath filed a Suggestion of Bankruptcy and Notice of Stay, reflecting that on November 11, 2024, Wellpath Holdings, Inc. ("Wellpath Holdings") filed a petition for relief under Chapter 11 of the United States Bankruptcy Code.  ECF No. 44 (citing *In re Wellpath Holdings, Inc.*, No. 24-90533 (Bankr. S.D. Tex. Nov. 11, 2024)).  Wellpath Holdings' filing extended debtor status to various affiliated entities, including Wellpath, LLC, and triggered the automatic stay of Section 362(a) of the United States Bankruptcy Code as to all lawsuits against Wellpath Holdings and such affiliated entities.  On November 19, 2024, this Court stayed this action in accordance Section 362(a).  ECF No. 45.

On May 1, 2025, Wellpath Holdings filed a Confirmation of the Plan of Reorganization under Chapter 11 of the Bankruptcy Code ("Plan").  *See In Re Wellpath Holdings, Inc.*, No. 24-90533 (Bankr. S.D. Tx. May 1, 2025) (Bankr. Doc. No. 2596).  This Court lifted its stay of the present action as to all non-debtor defendants on June 2, 2025.  *See* ECF No. 49.  On October 15, 2025, Wellpath moved to dismiss the claims against it or, alternatively, for judgment on the

---

[2] By prior order, the Court dismissed all claims with prejudice against the following Defendants: Zantac, Priolsec, Alvesco, Atelenol, Mark Sutherland, CRNP Andrew Leslie, CRNP Eleanor Dorrian, Celinda Austin-Strict, Lisa Baird, Superintendent Irwin, Kimberly L. Smith, and Jana Smith.  *See* ECF Nos. 19, 54, 60.

pleadings based on discharge in bankruptcy pursuant to the Bankruptcy Court's order confirming the Plan. ECF No. 51.

The Court ordered Lewis to respond to the motion by November 20, 2025. ECF No. 53. The Court twice extended the response deadline, once *sua sponte* based on concern Lewis may not have received the scheduling order due to his change of address (ECF No. 59) and, again, on Lewis's motion (ECF No. 63). This last extension set a final deadline to respond to the pending motion of April 3, 2026. To date, Lewis has not responded to the pending motion or requested a further extension.

A. Discussion

Pursuant to Article IX.A. of the Plan, all Claims and Causes of Action against the Debtors as defined in the Plan (which includes Wellpath, LLC) are discharged as follows:

> the distributions, rights, and treatment that are provided in the Plan shall be in complete satisfaction, discharge, and release, effective as of the Effective Date, of Claims, Interests, and Causes of Action of any nature whatsoever, including any interest accrued on Claims or Interests from and after the Petition Date, whether known or unknown, against, liabilities of, liens on, obligations of, rights against, and Interests in the Debtors or any of their assets or properties.

Plan, Article IX.A, ECF No. 51-2 at p. 129.

Furthermore, under Article IX.F of the Plan, holders of Claims and Causes of Action that are discharged or released are permanently enjoined from, among other things,

> (1) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or

with respect to any such claims or interests; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such claims or interests; (3) creating, perfecting, or enforcing any encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any such claims or interests; (4) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such claims or interests unless such Holder has Filed a motion requesting the right to perform such setoff on or before the Effective Date, and notwithstanding an indication of a claim or interest or otherwise that such Holder asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise; and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such claims or interests released or settled pursuant to the Plan.

Plan, Article IX.F, *id.*, at 134.

Under the terms of the Plan and Stay Order, Wellpath, LLC is discharged from liability for all claims that arose prior to November 11, 2024. *See In re Wellpath Holdings, Inc.*, (Bankr. S.D. Tx. May 1, 2025) (Bankr. Doc. No. 2596, 2679, 2680). A discharge of a Chapter 11 bankruptcy debtor "operates as an injunction against commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived." 11 U.S.C. § 524(a)(2). Therefore, Lewis cannot proceed with his claims against Wellpath, LLC in this action. *See Perez-Martinez v. County of Union Penna*, 2025 WL 2004700, at *6 (E.D. Pa. July 17, 2025) ("This court is not the proper forum for Perez to pursue his claims against Wellpath, which was discharged from liability by the United States Bankruptcy

4

Court for the Southern District of Texas, Houston Division, for claims that arose prior to November 11, 2024.").

Therefore, Wellpath's motion to dismiss the claims against Wellpath, LLC based on discharge in bankruptcy should be granted and all claims against Wellpath should be dismissed. Wellpath's alternative request for judgment on the pleadings should be denied as moot.

II.      Notice Concerning Objections

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72((b)(2), and Local Rule 72(D)(2), the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections will waive the right to appeal. *Brightwell v. Lehman*, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72(D)(2).

DATED this 24th day of April 2026.

RESPECTFULLY SUBMITTED:

RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE